■ In the Matter of Douglas Ritter, Respondent, v City of Binghamton et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term, entered July 17, 1980 in Broome County, which, in a proceeding pursuant to CPLR article 78, ordered respondents to grant petitioner a permit to do certain electrical work. Petitioner seeks to install a new electrical system in a multifamily dwelling he owns in the City of Binghamton. Section 7-5 of the city's electrical code requires a permit be obtained before electrical wiring is installed, altered or repaired. City authorities, relying on subdivision (b) of section 7-5 of the code, denied petitioner's several requests for a permit. That subdivision allows for the issuance of permits to do electrical work to licensed master electricians only. While petitioner admittedly does not have the requisite license, he maintains he is exempt from this license requirement because of subdivision (c) of section 7-41 of the code which provides: "No license shall be required of any person engaged in the work of master electrician * * * who is employed exclusively by one person, firm or corporation to make repairs in and about the premises of the said person, firm or corporation by whom he is regularly employed." Respondents read this provision as exempting only those employed to do electrical repair work, not electrical installation, and then only on industrial property. Enactment of the electrical code unmistakably was prompted by considerations of public safety. Petitioner's interpretation of subdivision (c) of section 7-41 runs counter to that goal, for rather than ensure safety it would undermine it, for it would allow those unqualified to do so to engage in the complicated and dangerous work of installing electrical systems. But for the fact that we do not read the ordinance as being restricted in application to industrial property, we find persuasive respondents' argument that subdivision (c) of

section 7-41 was intended to exempt from the permit requirement only those who are electricians, albeit unlicensed, who are hired to make *repairs*. Petitioner's charge that this distinction between repair and installation work, which is made throughout the code, is irrational and, therefore, constitutionally infirm, has no support in the record. An exceedingly strong presumption of constitutionality attends all legislation, including municipal ordinances *(Lighthouse Shores v Town of Islip,* 41 NY2d 7). And the burden of overcoming that presumption, beyond a reasonable doubt, is on the attacker *(Nettleton Co. v Diamond,* 27 NY2d 182, app dsmd *sub nom. Reptile Prods. Assn. v Diamond,* 401 US 969). That burden was not met here for no evidence has been presented to dispel the ordinance's assumption that electrical installation requires closer regulation than mere repair work. Judgment reversed, on the law, and petition dismissed, without costs. Main, J.P., Casey, Yesawich, Jr., Weiss and Herlihy, JJ., concur. [105 Misc 2d 1061.]